GARY M. RESTAINO
United States Attorney
District of Arizona

DIMITRA H. SAMPSON
Assistant United States Attorney
Arizona State Bar No. 019133
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: dimitra.sampson@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Samuel Rappylee Bateman, (Counts 1-7)<br><br>2. Naomi Bistline, (Counts 4-7)<br><br>3. Donnae Barlow, and (Counts 4-7),<br><br>4. Moretta Rose Johnson (Counts 4-7),<br><br>Defendants. | No. CR-22-08092-PCT-DGC<br><br>**REDACTED SUPERSEDING INDICTMENT**<br><br>VIO: 18 U.S.C. §§ 1512(c)(1) and 2 (Destruction of Records in an Official Proceeding and Aid and Abet)<br>Count 1<br><br>18 U.S.C. § 1512(c)(2) (Tampering with an Official Proceeding)<br>Count 2<br><br>18 U.S.C. §§ 1519 and 2 (Destruction of Records in a Federal Investigation and Aid and Abet)<br>Count 3<br><br>18 U.S.C. §§ 1512(c)(2) and 2 (Tampering with an Official Proceeding and Aid and Abet)<br>Count 4<br><br>18 U.S.C. § 1512(k) (Conspiracy to Tamper with an Official Proceeding)<br>Count 5<br><br>18 U.S.C. §§ 1201(a)(1), (b), and 2 (Kidnapping and Aid and Abet)<br>Count 6 |

18 U.S.C. §§ 1201(a)(1), (b), and (c)
(Conspiracy to Kidnap)
Count 7

18 U.S.C. §§ 924(d) and 981;
21 U.S.C. §§ 853 and 881; and
28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES:**

### COUNT 1

On or about August 28, 2022, in the District of Arizona, the defendant, SAMUEL RAPPYLEE BATEMAN, and others known and unknown to the grand jury, did corruptly alter, destroy, mutilate, and conceal a record, and attempted to do so, with the intent to impair its integrity and availability for use in a foreseeable criminal proceeding before a Court of the United States, an official proceeding, that is, by deleting and attempting to delete electronic communications associated with Signal accounts.

In violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

### COUNT 2

On or about August 28, 2022, in the District of Arizona, the defendant, SAMUEL RAPPYLEE BATEMAN, did corruptly obstruct, influence, and impede a foreseeable prosecution before a Court of the United States, an official proceeding, and attempted to do so, by directing others known and unknown to the grand jury to destroy records, that is, by deleting and attempting to delete electronic communications associated with Signal accounts.

In violation of Title 18, United States Code, Section 1512(c)(2).

### COUNT 3

On or about August 28, 2022, in the District of Arizona, the defendant, SAMUEL RAPPYLEE BATEMAN, and others known and unknown to the grand jury, did knowingly alter, destroy, mutilate, and conceal records, that is, electronic communications associated with Signal accounts, with the intent to impede, obstruct, and influence the investigation

and proper administration of a matter that the defendant contemplated was within the jurisdiction of the Federal Bureau of Investigation, a department and agency of the United States.

In violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 4

On or between November 27 and December 1, 2022, in the District of Arizona and elsewhere, the defendants, SAMUEL RAPPYLEE BATEMAN, NAOMI BISTLINE, DONNAE BARLOW, and MORETTA ROSE JOHNSON, did corruptly obstruct, influence, and impede a foreseeable prosecution before a Court of the United States, an official proceeding, and attempted to do so, by aiding minors to escape Arizona Department of Child Safety custody and evade law enforcement.

In violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

## COUNT 5

Beginning at a time unknown to the grand jury, but at least on or between November 27 and December 1, 2022, in the District of Arizona and elsewhere, the defendants, SAMUEL RAPPYLEE BATEMAN, NAOMI BISTLINE, DONNAE BARLOW, MORETTA ROSE JOHNSON, and others known and unknown to the grand jury, willfully and intentionally conspired and agreed together and with each other to corruptly obstruct, influence, and impede a foreseeable prosecution before a Court of the United States, an official proceeding, by aiding minors to escape Arizona Department of Child Safety custody and evade law enforcement, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

All in violation of Title 18, United States Code, Section 1512(k).

## COUNT 6

On or between November 27, 2022 and December 1, 2022, in the District of Arizona and elsewhere, the defendants, SAMUEL RAPPYLEE BATEMAN, NAOMI BISTLINE, DONNAE BARLOW, and MORETTA ROSE JOHNSON, did unlawfully seize, confine,

inveigle, decoy, kidnap, abduct, and carry away Jane Does 4, 8, and 9, and held them for a purpose (to wit: to take them out of Arizona Department of Child Safety custody and evade law enforcement), and in committing and in furtherance of their commission of the offense, the defendants did travel in and willfully transported the victims in interstate commerce from Arizona to Washington, and used a means, facility, and instrumentality of interstate commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1), (b), and 2.

## COUNT 7

Beginning at a time unknown to the grand jury, but at least on or between November 27, 2022 and continuing through December 1, 2022, in the District of Arizona and elsewhere, the defendants, SAMUEL RAPPYLEE BATEMAN, NAOMI BISTLINE, DONNAE BARLOW, and MORETTA ROSE JOHNSON, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, and agree together and with each other, to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away Jane Does 4, 8, and 9, and held them for a purpose (to wit: to take them out of Arizona Department of Child Safety custody and evade law enforcement), and in committing and in furtherance of their commission of the offense, the defendants did travel in and willfully transported the victims in interstate commerce from Arizona to Washington, and used a means, facility, and instrumentality of interstate commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1), (b), and (c).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Arizona and elsewhere:

1. On or about November 27, 2022, defendants NAOMI BISTLINE ("BISTLINE"), DONNAE BARLOW ("BARLOW"), and MORETTA ROSE JOHNSON ("JOHNSON") assisted eight of nine minor female victims (three of

them under the age of 14) to leave the custody of the Arizona Department of Child Safety ("DCS") group homes in which they were staying pending delinquency proceedings following the September 13, 2022 arrest of defendant SAMUEL RAPPYLEE BATEMAN ("BATEMAN"), and their Court Authorized Removals (CAR).

2. Specifically, BISTLINE and BARLOW picked up minor victims, Jane Does 7, 8 and 9, after they left DCS custody on or about November 27, 2022.

3. JOHNSON picked up minor victims, Jane Does 3, 4, 5, 10 and 11, after they left DCS custody on or about November 27, 2022.

4. On the evening of November 27, 2022, BATEMAN made a recorded video call from the Core Civic/Central Arizona Florence Correctional Complex ("CCAFC"), where he was in federal custody, to BARLOW. During the video call, BARLOW was driving a vehicle and BISTLINE was the front-seat passenger. BISTLINE informed BATEMAN that they had Jane Does 8 and 9, referenced by code names.

5. On the morning of November 28, 2022, BATEMAN made a video call from CAFCC to BISTLINE, who appeared to be in a hotel room. In response to BATEMAN's questioning about who was with them, BISTLINE told BATEMAN that "W2" (a reference to the one of nine girls to have not escaped from CPS custody) was the only one not with them, but that they had tried and ran for their lives after police were called. BATEMAN told them they needed to get W2. The video panned to all eight minors taken from CPS custody.

6. In the following days, BATEMAN made numerous video calls to BISTLINE and the missing girls. At one point, Bateman asked if they were in "our state" and they stated that they were not.

7. On November 28, 2022, BATEMAN made video calls to JOHNSON, who appeared to be in a hotel room with a baby and at least one other adult wife of

- 5 -

BATEMAN. They talked about being a long way away. JOHNSON told defendant BATEMAN that "we are helping you." BATEMAN encouraged JOHNSON to stay strong.

8.   During another call on the evening of November 28, 2022, one of BATEMAN's wives reported to BATEMAN that they had cleaned out one of the vehicles and were swapping.

9.   On December 1, 2022, JOHNSON had all eight missing girls in an Airbnb in Spokane, Washington, paid for by one of BATEMAN's followers. JOHNSON refused to answer the door for a Spokane Sheriff's Sergeant. Later, the sergeant stopped JOHNSON in a vehicle, attempting to drive away with all eight missing girls.

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Counts 1 through 7 of this Superseding Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-7 of this Superseding Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants is liable. If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*
FOREPERSON OF THE GRAND JURY
Date:  December 14, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*
DIMITRA H. SAMPSON
Assistant U.S. Attorney