**ATTORNEYS FOR FREEDOM LAW FIRM**
3185 South Price Road
Chandler, Arizona 85248
(480) 755-7110
Fax (480) 857-0150
**Marc J. Victor, Esq. – SBN 016064**
Marc@AttorneysForFreedom.com
**Andrew C. Marcantel, Esq. – SBN 031809**
Andy@AttorneysForFreedom.com
*Attorneys For Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-22-08092-001-PCT-DGC |
| Plaintiff, | |
| vs. | MOTION TO PRECLUDE PRETRIAL PUNISHMENT |
| Samuel Rappylee Bateman, | |
| Defendant. | |

Samuel Rappylee Bateman moves this Court, pursuant to the First Amendment and the Due Process Clause, to preclude the United States from punishing him during his pretrial detention by preventing him from contacting anyone outside CoreCivic other than his attorneys. *See* U.S. Const. Amend. I and V, *Bell v. Wolfish*, 441 U.S. 520, 523 (1979).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Facts:**

On September 6, 2022, a federal grand jury charged Mr. Bateman with Destruction of Records in an Official Proceeding, Tampering with an Official

Proceeding and Destruction of Records in a Federal Investigation. The Indictment charged only Mr. Bateman and alleged the offenses occurred on or about August 28, 2022. The indictment alleged Mr. Bateman had violated 18 U.S.C. § 2 (Aiding and Abetting) but did not provide any information on the name(s) of anyone else allegedly involved. (Doc. 3).

On September 15, 2022, Magistrate Judge Camille D. Bibles ordered Mr. Bateman detained. (Doc. 14). Magistrate Judge Bibles also ordered the U.S. Marshal to hold Mr. Bateman at the Coconino County Jail for 30 days to allow communication with retained counsel Adam K. Zickerman. (Doc. 13).

In October of 2022, the U.S. Marshal transferred Mr. Bateman to the CoreCivic facility in Florence.

Naomi Bistline, Donnae Barlow and Moretta Rose Johnson were charged by Complaint on December 1, 2022. (Case Number: 22-04427 mj, Doc 1). Magistrate Judge Bibles ordered Ms. Barlow and Ms. Bistline detained on the 7th and 12th of December. (Case Number 22-04427-mj Doc. 17, 21). Magistrate Judge James A. Goeke, Eastern District of Washington ordered Ms. Johnson detained on December 2, 2022. (Case Number 22-04427-mj Doc 11, p. 11).

On December 14, 2022, a federal grand jury returned a Superseding Indictment which replicated the three counts against Mr. Bateman in the Indictment (Doc. 3) and added four counts. The four additional counts charged Mr. Bateman, Naomi Bistline,

2

Donnae Barlow and Moretta Rose Johnson with Tamping with an Official Proceeding, Conspiracy to Tamper with an Official Proceeding, Kidnapping and Conspiracy to Kidnap. (Doc. 23). Mr. Bateman and his three co-defendants remain detained.

Undersigned counsel has been informed the Assistant U.S. Attorney has unilaterally instructed CoreCivic to prohibit Mr. Bateman from contacting anyone other than his attorneys. Despite an attempt to resolve this matter, the Assistant U.S. Attorney has presently refused to lift this broad restriction, but is considering whether to permit Mr. Bateman to communicate with three suggested people outside of CoreCivic in addition to his counsel. The Government opposes this motion and intends to file a response.

Undersigned counsel does not believe the Assistant U.S. Attorney has acted in bad faith. The Assistant U.S. Attorney's has advised counsel the restriction was implemented due to her concern Mr. Bateman will engage in witness tampering similar to the acts alleged in the indictment.

**Law and Argument:**

Punishment prior to an adjudication of guilt violates the Due Process Clause. When "evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law," the "proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Wolfish,* 441 U.S. at 538-539 (citations omitted).

In *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002), the panel found the restriction on Mr. Valdez' use of the telephone for a limit period of time to "prevent Valdez from tipping off his co-conspirators about the recently-issued indictments and, thereby, to ensure their capture with minimal danger to the arresting officers" did not deny him due process of law or violate his First Amendment rights. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1046-1048 (9th Cir. 2002).

Unlike the restriction on Mr. Valdez, the restriction on Mr. Bateman is not limited and there is no concern Mr. Bateman may tip off co-conspirators because all of his co-defendants are in custody.

The Valdez panel wrote, "[w]e "sensibly and expansively" define the First Amendment right at issue in this case as the right to communicate with persons outside

4

prison walls. Use of a telephone provides a means of exercising this right." *Valdez*, 302 F.3d at 1048.

The United States has unilaterally restricted Mr. Bateman's contact with anyone outside of prison except attorneys. No hearing was afforded to Mr. Bateman. This restriction serves no legitimate governmental purpose. It is well known communications by pretrial detainees are recorded, both phone calls and visits. Thus, Mr. Bateman's communications can be monitored as they occur and/or reviewed later.

The restriction on Mr. Bateman's access to **all** people outside CoreCivic except counsel is excessive, suggests an express intent to punish Mr. Bateman and thus denies him Due Process of Law and his First Amendment rights.

**Conclusion:**

Mr. Bateman requests this Court issue an order permitting him the same access other inmates have to communicating with people outside CoreCivic.

RESPECTFULLY SUBMITTED February 21, 2023.

           ATTORNEYS FOR FREEDOM LAW FIRM

           */s/ Marc J. Victor*
           Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I filed the Original with the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/CEF registrants:

Dimitra Sampson, Esq.
Assistant U.S. Attorney

Cindy Castillo, Esq.
Counsel for Naomi Bistline

Sandra Kay Hamilton, Esq.
Counsel for Donnae Barlow

Stephen Wallin, Esq.
Counsel for Moretta Johnson

Emailed to chambers:

The Honorable David G. Campbell
*Campbell_chambers@azd.uscourts.gov*

By: */s/ Braeden Victor*