**ATTORNEYS FOR FREEDOM LAW FIRM**
3185 South Price Road
Chandler, Arizona 85248
(480) 755-7110
Fax (480) 857-0150
**Marc J. Victor, Esq. – SBN 016064**
Marc@AttorneysForFreedom.com
**Andrew C. Marcantel, Esq. – SBN 031809**
Andy@AttorneysForFreedom.com
*Attorneys For Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-22-08092-001-PCT-DGC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPLY RE:  MOTION TO PRECLUDE PRETRIAL PUNISHMENT |
| | ) | |
| Samuel Rappylee Bateman, | ) | |
| Defendant. | ) | |
| | ) | |

Samuel Rappylee Bateman replies to the Response to his Motion to Preclude Pretrial Punishment (Response) (Doc. 58).

The Response fails to provide any authority for the Assistant U.S. Attorney to unilaterally order a detention facility to restrict a pretrial detainee's access to all people in the outside world save his attorneys.

*Valdez v. Rosenbaum,* 302 F.3d 1039 (9th Cir. 2009) is the only authority cited in the Response which involved a restriction imposed based upon only a unilateral decision by the prosecutor without any judicial review.  Valdez sued the federal prosecutor and others for violating his civil rights when he was a pretrial detainee.  The

*Valdez* panel did not address whether the prosecutor had authority to unilaterally impose a restriction on a pretrial detainee.

In *Valdez,* the federal prosecutor requested the U.S. Marshal to restrict Valdez from using the phone until his confederates were arrested on an anticipated superseding indictment to prevent Valdez from tipping them off about the arrest warrants and thereby endangering law enforcement.  As a result, Valdez was placed in administrative segregation.  After a few months, the federal prosecutor requested the U.S. Marshal lift the restriction after one of the co-conspirators was released on bail and the restriction was lifted.  *Valdez*, 302 Fed. 3d at 1042-1043.

The district court granted summary judgment for the defendants finding although Valdez's constitutional rights had been violated, the defendants were entitled to qualified immunity. *Valdez*, 302 F.3d at 1043.  However, on appeal, the panel found Valdez' constitutional rights had not been violated.  *Valdez,* 302 F.3d at 1044.  Even though, the federal prosecutor initiated the restriction, the panel viewed the issue as a "prison regulation" and found it was reasonably related to the government's legitimate interest.  Based upon the limited duration of the restriction, the panel found the defendants acted without punitive intent.  *Valdez*, 302 at 1046.

In *Lewis v. King Cnty. Jail*, No. C15-1633-JLR-JPD, 2016 WL 8193689, at *1 (W.D. Wash. Oct. 24, 2016), report and recommendation adopted, No. C15-1633-JLR, 2017 WL 464440 (W.D. Wash. Feb. 2, 2017), a pretrial detainee brought a § 1983

action against the jail and the state prosecutor because at the prosecutor's request, the

jail had placed the pretrial detainee on "phone deadlock."  Prior to the federal lawsuit,

the pretrial detainee moved the state court to remove him from "phone deadlock," and

two state court judges denied his motions.  *Lewis,* at *1 and *2.  Lewis' attempted to

call a witness more than 400 times and during the completed calls he was extremely

abusive to the witness and attempted to dissuade her from cooperating with the

prosecution in violation of a no-contact order.  *Lewis*, *2.  The district court granted

the defendants' summary judgment motion and dismissed the pretrial detainee's

amended complaint.  *Lewis*, *5.

Lewis was only denied phone access.  Mr. Bateman has been completely cut off

from the outside world.  Undersigned counsel has been informed Mr. Bateman is

unable to receive any visits, send or receive letters or email with anyone except

counsel.

In *Haraszewski v. Brannan*, No. 10CV0546-LAB PCL, 2013 WL 4516776, at

*9 (S.D. Cal. Aug. 21, 2013), while the prosecutor initiated the restriction on the

pretrial detainee's communications with the outside world, the state court judge

determined the pretrial detainee had written letters to the molestation victims and that

the minor victims needed to be protected from his communications.

> In this case, there is no evidence Haraszewski broke any jail rules, or that
> anyone thought he did. **The rule was a court order intended** to protect
> minors who were victims of molestation, and also to prevent witness

3

tampering. Although Haraszewski alleges the placement was approved by a jail officer, Lt. Hillen, it was done at the request of John Morgans, a District Attorney's office investigator. Defendants dispute this, and present unrebutted evidence the decision-makers were others, non-Defendants. But no one has suggested the moving force was a jail official. Rather, it seems to be agreed that the segregation request came from someone connected with prosecutors.

*Id.*

Unlike the defendant in *Haraszeski*, the allegations against Mr. Bateman in the Response are entirely different.  Mr. Haraszekski was charged with molesting four minors.  *Haraszekski,* at * 1.  Mr. Bateman is charged with Destruction of Records in an Official Proceeding and Aiding and Abet; Tampering with an Official Proceeding; Conspiracy; Destruction of Records in a Federal Investigation and Aid and Abet; and Kidnapping.  (Doc. 23).

In granting summary judgement for the defendants in *Haraszewski*, the district court characterized his letters to the victims as attempting to shape or influence their testimony at trial.  *Haraszekski,* at * 1.  While the Response claims Mr. Bateman "direct others to intimidate a government witness and sought to influence potential testimony," Response, p. 1:  22-23, the details of the allegations do not support this conclusion.  See Response, p. 4:  1-7.

The Response claims Mr. Bateman "violated a Coconino County Superior Court no-contact order."  Response, p. 1:  22.  The Response claims Mr. Bateman's call to Jane Doe 4, violated this order.  Response, p. 4:  13-15.  This is inaccurate.  The

Superior Court ordered Mr. Bateman to not have contact with "named victims" **if** he is able to post the bond set by the Coconino County Superior Court.  Response, Exhibit 2.  Mr. Bateman has not posted this bond and thus, this conditional restriction is not in force.

The Response claims Mr. Bateman directed "some of his wives to send intimidating messages to government witness CM."  Response pp. 4:  19-20 and 8:  20-21.  The Responses alleges the messages were to share a verse of scripture, tell the witness she picked the wrong religion to hate; and tell her he guaranteed "her and Little Froggy" have cancer already forming in their bodies.  Response, pp. 4-5.  Mr. Bateman's comments were simply venting as the messages were not intimidating and Mr. Bateman has no control over cancer.

The other authorities cited in the Response either did not involve the prosecuting attorney unilaterally imposing restrictions on a pretrial detainee or did not involve pretrial detainees.

In *Bell v. Wolfish*, 441 U.S. 520, 523(1979), the lawsuit "challenge[d] numerous conditions of confinement and practices at the Metropolitan Correctional Center (MCC), a federally operated short-term custodial facility in New York City designed primarily to house pretrial detainees." The Supreme Court wrote, "[p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve

internal order and discipline and to maintain institutional security." *Id*. 441 U.S. at

547.   *See also Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998) (Pretrial detainee brought

§ 1983 suit against sheriff, corrections officers, and other defendants, alleging

unconstitutional conditions of pretrial confinement in light of detainee's disability.) and

*United States v. Vega-Soto*, No. 06CR1242 DMS, 2007 WL 9655860, at *1 (S.D. Cal.

Apr. 4, 2007) (Pretrial detainee moved moves to compel MCC to modify his pre-trial

conditions of confinement.) [1]

The United States Attorney is not a prison administrator.  The Assistant United

States Attorney is an advocate seeking to convict Mr. Bateman of serious crimes.

While the Assistant United States Attorney is certainly justified in bringing any alleged

issues to the attention of the detention officials, it is the facility administrators who are

empowered to administer the facility's rules within Constitutional limits.

Other authorities relied upon in the Response involved prison authorities

imposing regulations on prisoners serving sentences, not pretrial detainees.

---

[1] In *United States v. Salerno*, 481 U.S. 739 (1987) involved pretrial detainees and the Supreme Court held that: (1) Bail Reform Act authorization of pretrial detention on basis of future dangerousness constituted permissible regulation that did not violate substantive due process, and was not impermissible punishment before trial; (2) due process clause did not categorically prohibit pretrial detention imposed as regulatory measure on ground of community danger, without regard to duration of detention; and (3) Bail Reform Act authorization of pretrial detention on ground of future dangerousness was not facially unconstitutional as violative of Eighth Amendment.

*Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988) (Prisoner, not a pretrial detainee, housed in maximum security unit of state prison brought civil rights action challenging routine strip searches and prison guards' use of "taser guns.") and *Hayat v. Garber*, No. CV 13-1381-PHX-DGC, 2013 WL 5913790, at *1 (D. Ariz. Nov. 1, 2013) (Petitioner was serving a 288-month prison sentence and alleged his privileges were rescinded by prison administrators without due process.)

Throughout the Response there are unsupported allegations against Mr. Bateman.  Response, pp. 1-6 and 11.  Instead of attaching affidavits to support the allegations, more allegations (a Indictment and a Minute Entry) were attached as Exhibits 1 and 2.  Mr. Bateman's Constitutional rights should not be unilaterally limited by the Assistant United States Attorney based on mere unsupported allegations.

In the event this Court determines it is proper for the Assistant United States Attorney to unilaterally limit Mr. Bateman's Constitutional rights, this Court should find that the current restrictions are entirely overbroad.  Mr. Bateman is currently prohibited from contacting all humans outside the facility whether by telephone, email, letter, or even personal visitation other than his attorneys.  Surely, this Court can fashion a more narrowly tailored order allowing Mr. Bateman to have contact with people who are neither co-defendants nor alleged victims in a manner that is not too burdensome for employees of the facility to monitor.

Indeed, as with all detainees in the facility, any letter Mr. Bateman would write, and any phone call Mr. Bateman would make is already subject to recording or screening by the facility.  Mr. Bateman should be allowed to have some reasonable means of communication available to him during his detention especially considering he remains presumed innocent of all charges.

**Conclusion:**

Mr. Bateman requests this Court issue an order permitting him the same access other inmates have to communicating with people outside CoreCivic.  In the alternative, he requests a more narrowly tailored order or an evidentiary hearing to determine whether the Government's allegations are supported by evidence and whether the restrictions are punitive or reasonably related to a legitimate government interest and no broader than necessary.

Respectfully submitted March 4, 2023.


ATTORNEYS FOR FREEDOM LAW FIRM


*/s/ Marc J. Victor*
Attorney for Defendant

8

1

**CERTIFICATE OF SERVICE**

2

3       I hereby certify that on March 4, 2023, I filed the Original with the Clerk of the
Court using the CM/ECF System for filing and transmittal of a Notice of Electronic
4       Filing to the following CM/CEF registrants:

5

Dimitra Sampson, Esq.
6       Assistant U.S. Attorney

7       Cindy Castillo, Esq.
Counsel for Naomi Bistline
8

Sandra Kay Hamilton, Esq.
9       Counsel for Donnae Barlow

10      Stephen Wallin, Esq.
Counsel for Moretta Johnson
11

Emailed to chambers:
12

The Honorable David G. Campbell
13      *Campbell_chambers@azd.uscourts.gov*

14

15

By: */s/ Carmen Garcia*
16

17

18

19

20

21

22

23

24

25

26