**Mark A. Paige** (020902)
**Paige Law Firm**
PMB#440
2733 N. Power Rd., Suite 102
Mesa, Arizona 85215
602-254-5457 telephone
480-324-8291 facsimile
E-Mail:mpaige@paigelawfirm.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States, | ) | No.: CR-23-517-PHX-DLR |
| Plaintiff, | ) | |
| | ) | CR-22-8092-PCT-DGC |
| v. | ) | |
| | ) | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO TRANSFER CASE** |
| Josephine Bistline, | ) | |
| Defendant. | ) | |

The defendant, by and through counsel, respectfully requests this Court deny the government's motion to transfer her case (CR-23-517-PHX-DLR) to coincide with CR-22-8092-PCT-DGC. This response is filed pursuant to L.R.Civ.P. 42.1(c). Likewise, pursuant to this Rule, the response is filed in CR-23-517-PHX-DLR, which is the matter in which this defendant is a party. NOTE: the defendant understands the government to be moving merely to transfer this case but has *not* made request to consolidate the cases. While these terms are not defined in L.R.Civ.P. 42.1, counsel understands a transfer to involve merely moving the matter to another judge but maintaining the case as separate and distinct from the other allegedly related case.

The government has provided no tangible bases for the request other than the parties having a relation to each other. The government's request seems to be for its own convenience rather than the interests of the Court or, in particular, Josephine Bistline.

The Complaint and original Indictment (DKT##1 and 3 – CR-22-8092) against Mr. Bateman, et al. involve deleting "Signal" accounts. Signal is a messaging application on one's phone. The conduct is alleged to have occurred on August 28, 2022. The Superseding Indictment (DKT#23) alleges the same counts from the original Indictment, as well as tampering with a court proceeding by aiding the escape of the children from AZ DCS custody and the kidnapping of some of these same children. The newly charged events occurred between November 27 and December 1, 2022.

The allegations brought against Ms. Josephine Bistline in CR-23-517-PHX-DLR are alleged to have occurred on December 16, 2022 and March 24, 2023. The allegations involve the sending of emails to AZ DCS officers regarding the return of her children. These cases are clearly a distinguishable event or transaction.

The legal basis for the government's request is L.R.Civ.P. 42.1. This Rule states:

> (a) Transfer of Cases. When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from ***substantially the same transaction or event***; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of

law; or (5) *for any other reason would entail substantial duplication of labor if heard by different Judges*.

(Emphasis added)

The government's request, according to its motion at pg. 2, ll. 24-27, is premised on the two bases emphasized above. Both bases seem to require a rather generous interpretation of the standards. First, the government claims the "matters arise from substantially the same transactions or events". This is like claiming a husband's mortgage fraud and a wife's bad check charges are "substantially the same transaction or event" because it involves the same bank.

A "transaction" is defined by Merriam-Webster as: "an act, process, or instance of transacting". Cambridge Dictionary defines it as: "an occasion when someone buys or sells something."

An "event" is defined by Merriam-Webster as: "something that happens: occurrence; a noteworthy happening; a social occasion or activity". Cambridge Dictionary defines it as: "anything that happens, especially something important or unusual".

"Substantial" is defined by Merriam-Webster as: "considerable in quantity: significantly great; being largely but not wholly that which is specified". Cambridge Dictionary defines it as: "large in size, value, or importance"

Ms. Bistline (Josephine) is charged with discrete conduct arising out of specific emails sent to a specific person or persons. It is not substantially the same transaction or event as that of kidnapping or deleting messages. Not only is her conduct alleged to have

occurred on different dates, there is not even any overlap. Her conduct, as charged, did not begin, if at all, until after the conduct alleged in the so-called "related case". This is wholly insufficient to support a claim of "substantially the same transaction or event".

The government argues that the "underlying events are intertwined." This "factor" is not one listed in the rule. Further, the manner in which they are intertwined is an alleged personal relationship and two of the children being held by AZ DCS were among those allegedly kidnapped. While the people may have some relationship, the *cases* do not. They are not *substantially* related.

The government also claims that the "discovery in these cases is also essentially identical." Again, this simply is not a factor listed in the rule. Presumably, the government intends this claim to support the judicial "substantial duplication of labor." However, it is difficult at best to understand such a claim. Even if one were to accept that the discovery is "essentially identical" as claimed, this has no implication to the duplication of judicial labor. By Rule, discovery is to be, primarily, a self-driving mechanism. The Court only becomes involved in the instance of a dispute; otherwise, the Court is largely uninvolved in the discovery process.

It is uncertain the significance of the competing trial dates. While undersigned counsel makes no representation as to the likelihood of proceeding to trial on May 23, 2023, surely it cannot be the government's prerogative to waive Ms. Bistline's speedy trial right or to set a trial date (March 2024) without any input from the defendant. Since it does not appear that the government has moved to consolidate the cases, it is further confusing as to the relevance of the respective trial dates.

The government seems also to support its request by alluding to some "additional pending federal investigation" involving all five individuals. If such investigation should at some point come to fruition, perhaps a motion such as that made herein would be appropriate. But the vagaries of some "pending federal investigation" do not make either of the factors relied upon by the government more applicable or substantial.

The government seems to imply that it's filing of a Notice of Related case is somehow determinative of the Court's obligation. It is not. As set forth throughout, the cases involve different dates, different people, different charges, and different victims.

Finally, it is significant that the two matters arise in different venues. The "Bateman" matter is a Prescott case, while the Josephine Bistline matter is a Phoenix case. Thus, there are two different jury pools. See. L.R.Civ.P. 77.1(c)

The government makes no effort to explain substantial duplication of judicial labor. If the government reads this provision to include its own substantial duplication of labor, it has not set forth any clear instances nor the substantial hardship arising therefrom. It should be noted that it is not uncommon for the government to indict individuals charged in the same transactions, events, conspiracies or otherwise "related" matters in separate indictments. Undersigned counsel has on several instances represented clients indicted separately from others involved in the same scheme. Therefore, it would seem odd for the government to rely on duplication of labor either for the Court or itself.

//

//

## CONCLUSION

Two of Ms. Bistline's children were taken by AZ DCS. She wanted them returned to her custody. She is alleged to have sent several emails to the DCS workers demanding their return and, allegedly, making threats. The end. The cases are not related (transferable) merely because they involve members of the same religious group even if such group may be a target of the government.

The matters involve:

- Different charges
- Different facts
- Different dates
- Different venues
- Different jury pool
- Different (alleged) victims

The defendant respectfully requests this Court deny the government's requested transfer of this matter.

RESPECTFULLY SUBMITTED this 12th day of April, 2023.

S/Mark Paige
Mark A. Paige
Attorney for Defendant

I hereby certify that on 12th day of April, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sending a copy to the following CM/ECF registrants:

Dimitra Sampson
Assistant U.S. Attorney
Dimitra.sampson@usdoj.gov

Also:

Jillian Besancon
Lindsay Short

 S/Mark Paige
Attorney for Defendant

//

//

//