GARY M. RESTAINO
United States Attorney
District of Arizona

DIMITRA H. SAMPSON
Arizona State Bar No. 019133
JILLIAN BESANCON
California State Bar No. 285869
LINDSAY L. SHORT
Arizona State Bar No. 034125
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Dimitra.Sampson@usdoj.gov
Email: Jillian.Besancon@usdoj.gov
Email: Lindsay.Short@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>1. Samuel Rappylee Bateman,<br>2. Naomi Bistline,<br>3. Donnae Barlow, and<br>4. Moretta Rose Johnson,<br><br>　　　　　Defendants. | No. CR-22-08092-PCT-DGC<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER CASE** |
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Josephine Barlow Bistline,<br>a.k.a. Jomie B,<br><br>　　　　　Defendant. | No. CR-23-00517-PHX-DLR |

The Government's motion to transfer the newly-filed case against Josephine Barlow Bistline ("J. Bistline") is not, as defense asserts, "for its own convenience." (Doc. 23 at 2.) Rather, the case would most appropriately be heard by the same Judge presiding over the older case against Samuel Rappylee Bateman ("Bateman") and three of his other wives because the cases necessarily "arise from substantially the same transaction or event"—the federal investigation and subsequent arrest of Bateman—and because to keep them before different judges "would entail substantial duplication of labor." LRCiv 42.1. The United States seeks only, as defense indicates, to transfer the cases—not to consolidate them at this time.[1] Defendant J. Bistline's response does not provide any compelling basis for denying the transfer, and the Court should grant the Government's motion.

First, the two cases necessarily "arise from" substantially the same transaction or event, despite J. Bistline's argument that she is charged with discrete conduct occurring later in time than in Bateman's case. LRCiv 42.1(1). As has been previously described in this case, Bateman, a self-proclaimed Prophet of the Fundamentalist Church of Jesus Christ of Latter-Day Saints, is a subject in a federal investigation regarding the transportation of minors in interstate commerce to engage in criminal sexual activity, and travel in interstate commerce to engage in illicit sexual conduct with minors, beginning around May 2020. He was arrested by the Arizona Department of Public Safety on April 28, 2022, while towing a box trailer with at least three minor females unsecured inside. While in custody at the Coconino County Jail for this incident, he made calls directing his followers to delete his Signal account. On September 6, 2022, a federal grand jury returned an indictment charging him with Counts 1-3 in the CR-22-08092-PCT-DGC case. (Doc. 3.)

Bateman was arrested on his federal arrest warrant on September 13, 2022. At the same time, three search warrants were executed at two residences and a warehouse, where Bateman and his followers, including J. Bistline, were residing. All of his followers were

---

[1] Contrary to defense's argument, the fact that the cases involve different jury pools is of no significance. The Government is not asking the Court to consolidate the cases at this time, although J. Bistline is a potential target—and at minimum, a witness—in the underlying Bateman investigation.

-2-

interviewed that day. The discovery generated from these searches and mass interviews is voluminous. Based on that investigation, at that time, nine minor girls, all believed to be Bateman's wives, were taken into Arizona Department of Child Services (DCS) custody, including J. Bistline's two daughters.

Bateman, from custody, and three of his adult wives then conspired with others to remove the girls from DCS custody. Their communications regarding removing the girls were captured on video and phone calls from CoreCivic. J. Bistline is seen, heard, or mentioned on many of them. On November 27, they succeeded in removing eight of the nine girls from their DCS placements. Law enforcement found the girls in Spokane, Washington, on December 1, 2022. After the missing girls were found, they were returned to AZ DCS custody.

On December 14, 2022, the federal grand jury returned a superseding indictment charging Bateman and three of his adult wives with Counts 4-7 in the CR-22-08092-PCT-DGC case. The kidnapping charges (Counts 6 and 7) pertain to Jane Doe 4 (currently 13 years old), Jane Doe 8 (currently 12 years old), and Jane Doe 9 (currently 13 years old). Jane Does 8 and 9 are J. Bistline's daughters.

J. Bistline has been charged in the new case based on email communications she sent to an AZ DCS Case Manager and a Case Worker regarding the nine girls—who were taken into custody pursuant to Bateman's federal arrest. In fact, multiple emails specifically invoke Bateman and reference the removal of the girls for which Bateman and his three co-defendants are currently charged. As examples, on December 16, 2022, J. Bistline sent an email to L.B., with the subject line "Hi!", stating, in part:

> dcs is doing wrong and they damn well know it. To take them in the first place was something God required of us. Just so CB, and every other amazing ego chaser, looking for the 'honor' of men, will soon find out, God did this to raise Samuel Rappylee Bateman up in the eyes of all nations, and WHEN He gets to the top, God will turn the tables, from 'bad' to good, and there will be no holes for dcs and this Wicked FUCKING government to hide in. WATCH!

On December 19, 2022, J. Bistline sent an email to L.B. with the subject line "For [L.] and dcs" stating, in part:

> You know Samuel Rappylee Bateman is an innocent and pure man, and if you understood who you were trying to 'put down', you would see, that you have been siding with Judas Iscariot, and Haman of old, and VERY SOON, they will hang themselves, on their own gallows. You will be among them, unless you repent, and confess you have done the wrong dam thing, and fix it. I know you can, and with God's help, I believe you will.

On March 17, 2023, J. Bistline sent an email L.B. with the subject line "Re:Reminder" stating, in part:

> Samuel Rappylee Bateman, God's Servant here on earth, will be held up in the eyes of ALL Nations, and every single individual who 'puts forth their puny arm' to stop it will be put down.

On March 24, 2023, J. Bistline sent an email to C.B. with the subject line "Good Morning!" stating, in part:

> Because of what you have done, the part you have played in trying to rip apart the family of Samuel Rappylee Bateman, God's Servant, and who is like Him, pure and innocent, the part you knowingly and wickedly played, for whatever motive- it will cost you, dearly. WATCH!

While technically J. Bistline's emails involve conduct on a different date than Bateman's directive to delete his Signal account, and his and his adult wives' role in kidnapping minor females from AZ DCS custody, the cases necessarily "*arise from*" substantially the same event or transaction, as contemplated in the applicable Local Rule. Bateman's federal investigation and arrest precipitated the girls' placement in AZ DCS custody, the very subject of and basis for J. Bistline's threatening email communications.

Further, a full understanding of the email communications would "entail substantial duplication of labor if heard by different Judges." LRCiv. 42.1(A)(5). Judge Campbell is already familiar with the underlying conduct involving Bateman and his three other

1  charged wives, which is directly relevant to both the context and content of J. Bistline's
2  email communications.
3       Additionally, both cases involve thousands of pages of identical discovery and more
4  than one thousand jail calls and videos between Bateman and all of his followers, including
5  J. Bistline, some of which have already been the subject of litigation before Judge
6  Campbell. Contrary to defense's assertion, this is directly related to the fact that the cases
7  "would entail substantial duplication of labor if heard by different Judges." LRCiv.
8  42.1(A)(5).
9       To further illustrate the point, Judge Campbell has entered a protective order
10 pursuant to Fed. R. Crim. P. 16(d)(1), first as to defendant Bateman, and ultimately as to
11 all four defendants in the CR-22-08092-PCT-DGC case. The protective order is intended
12 to protect not only personal identifying information, but also confidential human source
13 information. Undersigned counsel has since proposed the exact same protective order to
14 counsel for defendant J. Bistline in the CR-23-00517-PHX-DLR case, since the discovery
15 will be virtually identical. Counsel Mark Paige has indicated to the Government that he
16 objects to some of the provisions of the proposed protective order. It would make much
17 more sense for the Judge who is already familiar with that protective order—regarding the
18 same discovery—to address the parties' dispute. Having a different Judge decide the
19 forthcoming motion for a protective order would not only result in duplication of efforts,
20 but without proper context, could potentially undermine Judge Campbell's order in the
21 overarching investigation if a contrary or inconsistent order was issued.
22      The Government is simply requesting that the new case against J. Bistline be heard
23 by the same District Court Judge already familiar with the case against Bateman and three
24 of his other wives and the facts and context underlying J. Bistline's case. The transfer is
25 appropriate under two separate grounds pursuant to LRCiv 42.1. The motion should be
26 granted.

Respectfully submitted this 17th day of April, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/ Lindsay L. Short*
DIMITRA H. SAMPSON
JILLIAN BESANCON
LINDSAY L. SHORT
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Attorneys for the defendants in CR-22-8092-PCT-DGC

Mark Paige, attorney for defendant Josephine Barlow Bistline in No. CR-23-00517-PHX-DLR

*s/Keona L. Ross*
U.S. Attorney's Office