UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA
_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 3:22-cr-08092-001-SMB |
| Plaintiff, | ) | 3:22-cr-08092-002-SMB |
| | ) | 3:22-cr-08092-003-SMB |
| vs. | ) | 3:22-cr-08092-004-SMB |
| | ) | 3:22-cr-08092-005-SMB |
| Samuel Rappylee Bateman, | ) | 3:22-cr-08092-006-SMB |
| Naomi Bistline, | ) | 3:22-cr-08092-007-SMB |
| Donnae Barlow, | ) | 3:22-cr-08092-008-SMB |
| Moretta Rose Johnson, | ) | 3:22-cr-08092-009-SMB |
| Josephine Barlow, | ) | 3:22-cr-08092-010-SMB |
| LaDell J. Bistline, | ) | 3:22-cr-08092-011-SMB |
| Brenda Barlow, | ) | |
| Marona Johnson, | ) | |
| Leia Bistline, | ) | |
| Torrance Bistline, | ) | |
| Leilani Barlow, | ) | |
| | ) | |
| Defendants. | ) | |

_____


**BEFORE:   THE HONORABLE SUSAN M. BRNOVICH, JUDGE**

<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>

<u>**STATUS CONFERENCE**</u>


Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                        A P P E A R A N C E S

 2    For the Plaintiff:
          U.S. ATTORNEY'S OFFICE
 3        By:  Ms. Dimitra H. Sampson, Esq.
               Ms. Lindsay L. Short, Esq.
 4             Mr. Ryan Powell, Esq.
               Ms. Jillian Besancon, Esq.
 5        2 Renaissance Square
          40 N Central Ave., Ste. 1800
 6        Phoenix, AZ 85004

 7    For Defendant Samuel Bateman:
          MARQUEZ LAW OFFICES
 8        By:  Mr. Eugene Marquez, Esq.
          Advisory Counsel
 9        925 W Baseline Rd., Ste. 105-255
          Tempe, AZ 85283
10
      For Defendant Naomi Bistline:
11        SALDIVAR & ASSOCIATES PLLC
          By:  Mr. Jose A. Saldivar, Esq.
12        2417 N 24th St.
          Phoenix, AZ 85008
13
      For Defendant Donnae Barlow:
14        LAW OFFICE OF SANDRA K HAMILTON
          By:  Ms. Sandra K. Hamilton, Esq.
15        1641 E Osborn Rd., Ste. 8
          Phoenix, AZ 85014-5722
16
      For Defendant Moretta Rose Johnson:
17        WALLIN LAW FIRM PLLC
          By:  Mr. D Stephen Wallin, Esq.
18        1641 E Osborne Rd., Ste. 8
          Phoenix, AZ 85016
19
      For Defendant Josephine Barlow Bistline:
20        LAW OFFICE OF MARK J ANDERSEN
          By:  Mr. Mark J. Andersen, Esq.
21        Advisory Counsel
          455 W Orchard Way
22        Gilbert, AZ 85233

23

24

25
```

```
 1                      A P P E A R A N C E S

 2    For Defendant LaDell J. Bistline, Jr.:
          LAW OFFICE OF TONY ROLLMAN
 3        By:  Mr. Tony Rollman, Esq.
          P.O. Box 26545
 4        Prescott Valley, AZ 86312

 5    For Defendant Brenda Barlow:
          BERNARD LAW OFFICE
 6        By:  Mr. Gillmore B. Bernard, Esq.
          P.O. Box 13568
 7        Phoenix, AZ 85002

 8    For Defendant Marona Johnson:
          BLACKWELL LAW OFFICE PLLC
 9        By:  Mr. Jocquese L. Blackwell, Esq.
          P.O. Box 13568
10        Phoenix, AZ 85002

11    For Defendant Leia Bistline:
          LAW OFFICE OF LOYD C TATE
12        By:  Mr. Loyd C. Tate, Esq.
          1921 S Alma School Rd., Ste. 112
13        Mesa, AZ 85210

14    For Defendant Torrance Bistline:
          KATHY HENRY & ASSOCIATES
15        By:  Ms. Kathy L Henry, Esq.
          3100 W Ray Rd., Ste. 291
16        Chandler, AZ 85226

17    For Defendant Leilani Barlow:
          BRAD MILLER LAW LLC
18        By:  Mr. Bradley L. Miller, Esq.
          3377 S Price Rd., Ste., 2042-A
19        Chandler, AZ 85248

20

21

22

23

24

25
```

**P R O C E E D I N G S**

1
2      COURTROOM DEPUTY:  On the record in criminal docket
3  22-8092, United States of America versus Samuel Rappylee
4  Bateman and others, before the Court for a status conference.
5      MS. SAMPSON:  Good afternoon, Your Honor.  Dimitra
6  Sampson appearing on behalf of the United States, and at
7  counsel table also is Jillian Besancon, Lindsay Short, and Ryan
8  Powell.
9      THE COURT:  Okay.
10     MR. MARQUEZ:  Good afternoon, Your Honor.  Eugene
11 Marquez appearing as advisory counsel for Mr. Bateman.  He is
12 present and seated to my left.
13     THE COURT:  Mr. Bateman, would you state your full
14 name.
15     THE DEFENDANT:  If you can present the documents with
16 my name on there, then I'd be glad to -- to accept that, but I
17 don't want to say my name because then they'll use that on my
18 strawman name and --
19     THE COURT:  Mr. Bateman, we've already had you in
20 court where you told me your name.
21     THE DEFENDANT:  Yes, and if you can show me those
22 documents, then I'll --
23     THE COURT:  I don't know what documents you're
24 referring to.
25     THE DEFENDANT:  Just the charging documents.

1  THE COURT: Okay. I will get you another copy of the
2  indictment.
3  THE DEFENDANT: Okay. But I -- I'm not trying to be
4  dumb, I just know what's going to happen. You're going to use
5  that all caps name and take money out of my cestui que account
6  using the Miller Act and forms 273, 274, 275, and I just don't
7  want you to do it.
8  THE COURT: Okay. This case has nothing to do with
9  money.
10  THE DEFENDANT: Actually, then why does the indictment
11  say a bill, this is a bill?
12  THE COURT: Okay. Have a seat.
13  Counsel.
14  MR. BLACKWELL: Thank you, Judge.
15  Your Honor, Jocquese Blackwell on behalf of Ms. Marona
16  Johnson, who is present standing next to me at the table.
17  THE COURT: And, ma'am, would you state your full
18  name.
19  THE DEFENDANT: Marona Johnson.
20  THE COURT: Thank you. You can have a seat.
21  MR. SALDIVAR: Good afternoon, Your Honor. Jose
22  Saldivar representing Ms. Naomi Bistline, who is to my left.
23  THE COURT: Okay. Would you -- I'm sorry, can you
24  have her state her name, please.
25  THE DEFENDANT: Naomi Bistline.

```
1            THE COURT:  Thank you.
2            MS. HAMILTON:  Good afternoon, Your Honor.  Sandra
3    Hamilton with Donnae Barlow, who is present.
4            THE DEFENDANT:  Donnae Barlow.
5            THE COURT:  Thank you.
6            MR. WALLIN:  Good afternoon, Your Honor.  Steve Wallin
7    representing Moretta Rose Johnson, who is in custody standing
8    to my left.
9            THE DEFENDANT:  Moretta Rose Johnson.
10           THE COURT:  Okay.
11           MR. ANDERSEN:  Good afternoon, Your Honor.  Mark
12   Andersen as advisory counsel for Josephine Bistline.
13           THE COURT:  Ma'am, would you state your name.
14           THE DEFENDANT:  Not as a strawman.
15           THE COURT:  Okay.  Again, Ms. Bistline, we've already
16   had you in court where you told me your name.
17           Okay.  You two have to understand that if you don't
18   want to tell me who is appearing in court, then I may revoke
19   your ability to represent yourself, because I can't have an
20   unknown entity representing someone.
21           Move on.
22           MR. ROLLMAN:  Good afternoon, Your Honor.  Tony
23   Rollman for LaDell Bistline, who is standing next to me and to
24   my left in custody.
25           THE DEFENDANT:  LaDell Jay Bistline, Jr.
```

1   THE COURT: Thank you.
2   MR. MILLER: Good afternoon, Your Honor. Brad Miller
3   for Leilani Barlow, who is in custody standing to my left.
4   THE DEFENDANT: Leilani Barlow.
5   THE COURT: Thank you.
6   MS. HENRY: Good afternoon, Your Honor. Kathy Henry
7   appearing on behalf of Torrance Bistline, who is sitting.
8   THE DEFENDANT: Torrance Clane (phonetic) Bistline.
9   THE COURT: Okay. Thank you.
10  MR. TATE: Good afternoon, Your Honor. Loyd Tate on
11  behalf of Leia Bistline, who is standing to my left.
12  THE DEFENDANT: Leia Joe Bistline.
13  THE COURT: Okay.
14  MR. BERNARD: Good afternoon, Your Honor. Gillmore
15  Bernard for Brenda Barlow, who is in custody to my left.
16  THE DEFENDANT: Brenda Lisa Barlow.
17  THE COURT: Okay. Thank you.
18  All right. This hearing is solely set for the issue
19  of addressing the scheduling order which was issued in February
20  when, I believe, only four or five of the defendants had been
21  arrested and arraigned. And now we have all of them, so the
22  Court wants to address the scheduling order to see if it's
23  realistic at this point or needs to be amended.
24  Ms. Sampson, from the government's position.
25  MS. SAMPSON: Your Honor, thank you.

1  　　　　Obviously, the government will be prepared to proceed
2  to trial whenever the Court schedules it.  I did attempt to
3  confer with defense counsel on this issue.  Many counsel
4  responded indicating they did not believe the March date was
5  realistic.  We would not have any objection to a continuance,
6  but I would defer to defense counsel on their availability and
7  readiness and when that might be.
8  　　　　THE COURT:  Okay.  Mr. Bateman, I'm going to skip you
9  for the time being.
10 　　　　Mr. Saldivar.  Sorry.  I have you in a different order
11 on my list.  I'm sorry.
12 　　　　MR. SALDIVAR:  Your Honor, I -- as you know, I'm
13 waiting for an examination to be conducted in my case, so we're
14 working on that.  We would need additional time to prepare for
15 Ms. Bistline's defense.
16 　　　　THE COURT:  So it's your position that March is not a
17 realistic trial date?
18 　　　　MR. SALDIVAR:  That's correct.
19 　　　　THE COURT:  Okay.  Ms. Hamilton.
20 　　　　MS. HAMILTON:  Thank you, Judge.
21 　　　　It's also our position that March is not a realistic
22 trial date either.  I have a capital case starting in September
23 that's set to go through March, and we have just received a
24 voluminous amount of new discovery and anticipate more coming.
25 　　　　THE COURT:  Okay.  Mr. Wallin.

1    MR. WALLIN:  Steve Wallin representing Moretta Rose
2  Johnson.
3         Likewise, I don't think the March trial date is
4  realistic.  I echo what Sandy just said about the recent batch
5  of discovery and anticipating quite a bit more, many terabytes
6  of additional discovery.  The government says a lot of that may
7  or may not be terribly relevant, but, I mean, we do have an
8  obligation to go through it rather than simply take the
9  government's word for it.
10        And they have been -- I appreciate the government's
11 efforts to kind of direct us to you want -- you might want to
12 focus looking at this, or this, or this, and we appreciate
13 that, encourage that, but we really, if we're going to go to
14 trial on this, there is a lot of work to be done.
15        THE COURT:  And since you're with the microphone, I
16 know the government said that they attempted to confer with
17 defense counsel.  Have you conferred with any other counsel
18 about a potential realistic trial date?
19        MR. WALLIN:  Well, we had an exchange of e-mails is
20 what we had, Your Honor.  And I think the consensus was that --
21 and this was maybe a couple of weeks ago.  The consensus was
22 that since we got a lot more discovery that we don't have yet,
23 and the new indictment, the second superseding indictment is
24 for -- it's new to some people, and considerably more extensive
25 for others, the consensus was among the defense counsel --

1   defense bar that it's really almost quite difficult to even set
2   a realistic trial date at this juncture.
3            So, if you want to ask me my thoughts on that, I'll be
4   glad to give them to you, but there was some reluctance to let
5   ourselves be nailed down, I think is fair to say.
6            THE COURT:  All right.  Mr. Rollman, do you have
7   anything different to add?
8            MR. ROLLMAN:  Your Honor, the only thing I would add
9   is that until all of the discovery is revealed to us, we don't
10  know what we don't know, and it would be impossible for us to
11  anticipate a trial readiness date when we don't even know
12  what's still out there to be received and reviewed.  It's
13  impossible to even determine how long it will take to review
14  that discovery until we actually receive the discovery.
15           THE COURT:  And have you, with other counsel, or with
16  the government, discussed the deadlines that are currently set,
17  the discovery deadlines and --
18           MR. ROLLMAN:  I do believe there has been a discussion
19  about that.  There has been some talk about several terabytes
20  of data that is still coming.  I don't know when that will be
21  actually made available to defense counsel, but I understand
22  that that is something that is in process.
23           There is a logistical issue of the discovery being
24  provided to defense counsel, in that there was -- the initial
25  anticipated storage requirement was a 25 terabyte hard drive,

1  which are difficult to find and unduly expensive.  I looked and
2  found one for $11,000.  I have not been able to find anything
3  else besides that one.
4         There has been discussion about possibly breaking it
5  down into several seven terabyte hard drives, but that's the
6  last I heard about that.  I don't know when that's going to
7  happen or how that's going to happen.
8         THE COURT:  Okay.  Mr. Wallin.
9         MR. WALLIN:  Your Honor, we had -- some of us have had
10 some discussions, including yesterday we had a conference with
11 the Ninth Circuit budgeting attorney about possibly -- about a
12 variety of things, including sharing paralegals, sharing
13 experts, and possibly hiring a company such as Invendica to
14 host it, to host the discovery.  Those discussions are still
15 kind of in the preliminary stage, but we are working on it.  I
16 just thought the Court would like to know.
17        THE COURT:  Okay.  I had that in the back of my mind.
18        Okay.  Mr. Bernard, you're next on my list.
19        MR. BERNARD:  Yes.  Good afternoon, Judge.
20        I echo the sentiments of all the defense bar.  I
21 believe the only thing that hasn't been discussed is I think
22 some of the discovery that is outstanding is electronic,
23 Cellebrite data, which we would need an expert to review.  So I
24 think that might put an extra time frame on that as well.
25        THE COURT:  Okay.  Mr. Tate.

1           MR. TATE:  Judge, I don't have anything to add.  I
2    agree with --
3           THE COURT:  Okay.
4           MR. TATE:  -- everybody else.
5           THE COURT:  Ms. Henry.
6           MS. HENRY:  Likewise, Your Honor, I don't have
7    anything to add.  I agree with everyone else.
8           THE COURT:  Okay.  Mr. Miller.
9           MR. MILLER:  Your Honor, even understanding the
10   difficulties with all of the discovery, my client still would
11   like to voice to the Court she'd like to exercise her speedy
12   trial right, but we do understand all of the very difficult
13   issues we're going through at this point.
14          THE COURT:  Okay.  Thank you.
15          MR. MILLER:  Thank you.
16          THE COURT:  And can you hand that back to
17   Mr. Blackwell.
18          MR. BLACKWELL:  I have a mic right here, Your Honor.
19          I will echo everything else that the defense said, and
20   the government, as it pertains to the discovery.  It's a
21   voluminous amount of discovery, and so we cannot put -- from my
22   perspective, I couldn't put a date on when we would be ready
23   for trial until we get it all.
24          THE COURT:  Okay.  Mr. Bateman, do you want to be
25   heard on this issue?

1         DEFENDANT BATEMAN: Yes. I'd like to ask a few
2 questions, if that's all right.
3         THE COURT: You can ask them. I don't know if I'll
4 answer them.
5         DEFENDANT BATEMAN: You don't know if you'll answer
6 them.
7         One of the questions I'm wondering is are we presumed
8 innocent, all of us here?
9         THE COURT: Of course you are.
10        DEFENDANT BATEMAN: Okay. So just, on record, so that
11 we're all presumed innocent of every element of every alleged
12 crime?
13        THE COURT: The government has to prove it beyond a
14 reasonable doubt, yes.
15        DEFENDANT BATEMAN: Okay. Wonderful.
16        I actually have several other things that I'd like to
17 ask if that's --
18        THE COURT: No. This is only about scheduling, this
19 hearing. There are other --
20        DEFENDANT BATEMAN: Excuse me.
21        THE COURT: There are other things pending which I'll
22 handle separately. This is only to discuss the scheduling.
23        DEFENDANT BATEMAN: Okay. Very well. Thank you.
24        THE COURT: So do you have any objection to a revised
25 scheduling order which would push off the trial?

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | DEFENDANT BATEMAN: No. |
| 2  | THE COURT: All right. Ms. Bistline, Josephine. |
| 3  | THE DEFENDANT: I would also like to go through the |
| 4  | discovery, so... |
| 5  | THE COURT: So do you have any objection to amending |
| 6  | the scheduling order? |
| 7  | THE DEFENDANT: No. |
| 8  | THE COURT: All right. So what I'm going to do is |
| 9  | order -- because there is currently a scheduling order in |
| 10 | place, Doc. 57, which sets deadlines, not only for the |
| 11 | government, but for defendants' disclosures, which I presume, |
| 12 | based on what everybody has told me, the defendants aren't |
| 13 | ready to start disclosure as fast as this order says. |
| 14 | So by September 1st I'm going to request that the |
| 15 | government submit a new proposed scheduling order after |
| 16 | consulting with the defendants and their counsel. And, I |
| 17 | guess, if there is any objections, include that in the |
| 18 | scheduling order. So I won't vacate the current scheduling |
| 19 | order until we have a new one. |
| 20 | Does anybody have any questions about the issue of |
| 21 | scheduling? |
| 22 | DEFENDANT JOSEPHINE BISTLINE: I wanted to ask for an |
| 23 | order that we can -- we can study as co-defendants together. |
| 24 | THE COURT: You can put that in writing. |
| 25 | DEFENDANT JOSEPHINE BISTLINE: In writing? |

```
 1              THE COURT:  Yep.
 2              Anybody have any questions about scheduling?
 3              (No response.)
 4              THE COURT:  I don't see any other hands, so this
 5   hearing is at recess.  Thank you.
 6              (Proceedings concluded at 1:19 p.m.)
 7                      *         *         *
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

|   |   |
|---|---|
| 1 | <u>C E R T I F I C A T E</u> |
| 2 |   |
| 3 | I, CHRISTINE M. COALY, do hereby certify that I am |
| 4 | duly appointed and qualified to act as Official Court Reporter |
| 5 | for the United States District Court for the District of |
| 6 | Arizona. |
| 7 | I FURTHER CERTIFY that the foregoing pages constitute |
| 8 | a full, true, and accurate transcript of all of that portion of |
| 9 | the proceedings contained herein, had in the above-entitled |
| 10 | cause on the date specified therein, and that said transcript |
| 11 | was prepared under my direction and control. |
| 12 | DATED at Phoenix, Arizona, this 20th day of October, |
| 13 | 2023. |

<u>/s/ Christine M. Coaly</u>
Christine M. Coaly, RMR, CRR