**Law Office of Brian F. Russo**
**Brian F. Russo, Esq. (018594)**
10037 East Dynamite Blvd.
Suite C-101
Scottsdale, AZ 85262
(602) 340-1133 Telephone
bfrusso@att.net Email
Attorney for Defendant Bateman

# IN THE UNITED STATES DISTRICT COURT

## DISTRCIT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.: CR22-080902-001-PCT-SMB |
| Plaintiff, | **MOTION FOR EVALUATION AND DETERMINATION OF COMPETENCY** |
| vs. | |
| Samuel Rappylee Bateman, | |
| Defendant. | |

COMES NOW the Defendant Samuel Rappylee Bateman, by and through counsel undersigned and hereby moves this Honorable Court for a determination of competency pursuant to 18 U.S.C. § 4241(a) and (b), and 4247(b). This Motion is made as a result of recent discussions between undersigned counsel and Mr. Bateman, in addition to a Neuropsychological Evaluation conducted by Dr. Gavin R. Baker, Psy.D. A more detailed basis for this Motion will be set forth below.

Accordingly, undersigned counsel respectfully requests that this Court enter an order granting Mr. Bateman's Motion for Evaluation and Determination of Competency for observation and evaluation. This Motion is Supported by the Memorandum of Points and Authorities attached hereto.

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(A) and (h)(8)(A) will occur as a result of this motion or from any order based thereon.

DATED this 28th day of June, 2024.

*/s/Brian F. Russo*
Brian F. Russo
Attorney for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Procedural History

On March 15, 2024 Samuel Bateman pled guilty to Conspiracy to Commit Transportation of a Minor for Sexual Activity and Conspiracy to Commit Kidnapping. He is currently set for Sentencing on July 15, 2024. Counsel has met with and discussed the case, the PSR, the Evaluation and various other aspects of the case with Mr. Bateman. However, during those discussions, issues arose giving Counsel concern and raising a basis for the instant Motion. In addition, a Neuropsychological examination was conducted by Dr. Gavin R. Baker, Psy.D who also concluded that in his medical opinion Mr. Bateman suffers from Neurocognitive disorder, which is explained more fully below.

## II. Legal Discussion

18 U.S.C. § 4241 states in pertinent part that:

> [a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A Motion for evaluation and determination of competency should be granted when reasonable doubt exists regarding defendant's ability to consult with his attorney with reasonable degree of rational understanding. It is also well established that the trial Court should grant the

Motion where the Attorney for the Defendant has a basis to believe the Defendant cannot participate or understand proceedings rationally and factually.

Courts are instructed that in determining whether competency evaluation should be granted, competency should be viewed in the aggregate, including evidence of defendant's behavior, demeanor, any prior medical opinion on competence, and his attorney's representation about his client's competency. Courts have also emphasized that any one factor alone may be sufficient in some circumstances. *United States v. Renfroe,* 825 F.2d 763 (3rd Cir. 1987).

Counsel for Mr. Bateman has a substantial and good faith basis to doubt his ability to rationally understand, and factually participate in the presentence work required. Further, Dr. Baker performed a comprehensive Neuropsychological exam and concluded that Mr. Bateman suffers from neurocognitive disorder due to traumatic brain injury. Dr. Baker also concluded that Mr. Bateman suffers from Delusional Disorder with perceptual disturbances and sleep disorder.

Dr. Baker explains that: "it is clear in my opinion that Mr. Bateman's brain injury and psychiatric symptoms played and continued to play a substantial role in his decision to commit the index offenses." He further opines, "[s]pecifically, he [Mr. Bateman] exhibits severe to profound impairments in reasoning, judgment, decision making, planning and organization, novel problem solving, mental control, and inhibitory control when the demands of his environment are complicated and ambiguous."

Dr. Baker concludes, "[i]n my opinion, it is impossible to separate Mr. Bateman's brain dysfunction from his actions and criminal offences." Finally, Dr. Baker recommends: "Mr. Bateman would benefit greatly from assessment and consultation with a neurologist and comprehensive brain imaging studies as well as ongoing case management by individuals specializing in neurorehabilitation."

Once a reasonable basis to question competence has been raised, the District Court, under 18 U.S.C. §4241, should order the Defendant evaluated and formally determine whether he is able to understand nature and consequences of proceedings against him and to assist properly in his defense before requiring him to proceed and be sentenced. *See United States v. Auen,* 846 F.2d 872 (2nd Cir. 1988) (This is especially true where defendant professes beliefs that are contrary to reality and expresses various irrational, paranoid beliefs concerning the nature of laws or the basis for the prosecution against him).

It is well established, that the trial court must look at record as whole and accept as true all evidence of possible incompetence. *Smith v. Ylst*, 826 F.2d. 872 (9th Cir. 1987). Accordingly, based on the forgoing, this Court should grant Mr. Bateman's Motion and order that he be evaluated for determination of competency.

DATED this 28th day of June, 2024.

/s/Brian F. Russo
Brian F. Russo
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Ryan Powell, AUSA
Dimitra Sampson, AUSA

/s/*Brian F. Russo*