**LAW OFFICE OF BRIAN F. RUSSO**
**Brian F. Russo, Esq. (018594)**
**Attorney at Law**
10037 East Dyanmite Blvd
Suite C-101
Scottsdale, AZ 85262
Telephone (602) 340-1133
email: bfrusso@att.net

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**DISTRCIT OF ARIZONA**

| | |
|---|---|
| United States of America, | ) Case No.: 3:22 CR 08092-SMB-1 |
| Plaintiff, | ) **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | ) |
| Samuel Rapylee Bateman., | ) |
| Defendant. | ) |

    COMES NOW the Defendant, Samuel Rapylee Bateman, by and through undersigned Counsel, and hereby submits his Sentencing Memorandum in support of a sentence, which is sufficient but not greater than necessary to satisfy the legitimate goals of sentencing.

    This Memorandum is made based upon the papers and pleadings filed herein, the attached Memorandum of Points and Authorities, and any oral argument which may be heard at the time of sentencing December 9, 2024.

    RESEPECTFULLY SUBMITTED this 5th day of December, 2024.

                                    /s/Brian F. Russo
                                    Brian F. Russo
                                    Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **Procedural and Factual History**

The Pre-Sentence Report (hereinafter "PSR") accurately reflects the facts and procedural history from the evidence disclosed in this case.

Mr. Bateman was evaluated by a Psychiatrist who opined he is "mentally ill" and "delusional." He explains that his upbringing in a certain lifestyle was an indoctrination that normalized certain behavior that is otherwise criminal conduct. Those reports have been presented to the Court for review and are referenced herein for mitigation purposes.

The Court, at the request of the Defendant, set a competency hearing so a judicial determination can be made on competency and in advance of a sentencing hearing. It is important to understand the doctor's opinion and reconcile that opinion with his conclusion so a record can be made and the Court can make a decision.

B. **Legal Discussion**

Sentencing generally in the United States District Courts and under 18 U.S.C. § 3661, provide that *no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an

appropriate sentence.

The fundamental rule governing consideration for the district court in sentencing is the directive of Congress that the district court "shall impose a sentence sufficient, ***but not greater than necessary***, to comply with [the purposes of sentencing]" (emphasis added). 18 U.S.C. § 3553(a); *Pepper v. U.S.* 131 S.Ct. 1229, 1242 (2011) ("sentencing judge's overarching duty under § 3553(a) [is to] to impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a)(2)").[1]

The factors the Court shall consider in determining what is sufficient are set out in 18 U.S.C. § 3553.

1. **The advisory Guideline range is greater than necessary to satisfy the purpose of sentencing.**

Courts have long recognized that where the sentence called for by the guidelines would result in punishment greater than necessary the court can depart downward. *United States v. Roth, 2008 U.S. Dist. LEXIS 19603.* A sentence to anything other than the low end of the range in the plea agreement would be far

---

[1] *U.S. v. Johnson* 635 F.3d 983 (7th Cir. 2011)(The essence of *Kimbrough* is to permit district courts to depart from the advisory ratio when its application would result in a sentence that is "greater than necessary to accomplish the goals of sentencing."); *U.S v.Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010) (explaining that § 3553(a)'s parsimony clause expresses "an overarching principle [that] necessarily informs a sentencing court's consideration of the entire constellation of section 3553(a) factors" (alteration in original, quotation marks omitted));*U.S. v. Carty* 520 F.3d 984 (9th Cir. 2008) (*en banc*) (this principle is the "overarching statutory charge); *U.S. v. Hussein* 478 F.3d 318 (6th Cir. 2007) ("The plain import of *Booker* is that a 1-day, below-the-Guidelines sentence, no less than a 7,300-day, above-the-Guidelines sentence, is now a viable sentence for a district court to impose so long as it is authorized by statute and reasonable within the meaning of 18 U.S.C. § 3553(a)").

greater than necessary to comply with the factors set forth in 18 U.S.C. §3553(a).

The Doctor's report discusses Mr. Bateman's early life being raised by his Father in the same manner and belief he currently espouses. The Doctor also explains the brain trauma Mr. Bateman suffered and the research into how individuals are indoctrinated and accept this belief system.

Logically, if the Court accepts that Mr. Bateman's victims were indoctrinated into this life and into believing him, then the Court must accept to a degree that Mr. Bateman who was also indoctrinated into this life and belief, should be afforded some consideration in this area as well. Finally, the Doctor provides treatment recommendations that would effectively address the issues and promote rehabilitation.

**2. Protect the Public**

As noted briefly above and as detailed in the medical report, Mr. Bateman holds certain beliefs, which he was taught are divine will. This belief system can be undone and has been torn down through proper treatment for some of the victims. Accordingly, the treatment recommendations made by the Doctor that can occur during a 20 year prison sentence is sufficient to protect the public from future harm by this Defendant. *U.S. v. Edwards* 595 F.3d 1004 (9th Cir. 2010) (where defendant convicted of bankruptcy fraud and on probation for prior state conviction for fraud and where guidelines range 27-33 months, sentence of probation, seven months of which was to be served under house arrest did not

abuse discretion of Court in part because "Section 3553(a), for instance, does not require the goal of general deterrence be met through a period of incarceration.").

### 3. To Provide the Defendant with Needed Educational or Vocation Training, Medical Care, or other Correctional Treatment

Sentencing Guidelines and sentencing principles generally provide that the Court should consider a sentence that allows mitigation toward a specific treatment purpose where either the (A) the defendant is an abuser of narcotics, other controlled substances, or alcohol, or suffers from a significant mental illness, and (B) the defendant's criminality is related to the treatment problem to be addressed. Mr. Bateman has been diagnosed as mentally ill and in need of treatment that would reduce recidivism in the specific area for which he is charged.

Mental Health issues are present in nearly half of incarcerated persons in the United States. Lengthy prison terms do nothing to treat or rehabilitate the individual or promote protection of the public when the person is released if they are not properly treated while incarcerated. So, in Mr. Bateman's case, a sentence at the low end of the range with treatment while incarcerated, would be a far more productive a reasonable sentence. The Doctor's report identified the problems and recommended treatment. Accordingly, if treatment is the path toward rehabilitation, 20 years should be sufficient and anything over 20 years seems overly harsh and unnecessarily punitive.

The United States now has the highest imprisonment rate on earth, and by a large margin—most developed countries have rates of imprisonment around five to ten times lower than the United States. Justice Anthony Kennedy recently observed that long sentences, among other things, are "an ongoing injustice of great proportions," and that "long sentences have appalling effects on people's

lives." (public conversation with Harvard Law School Dean Martha Minow, reported in the *Harvard Gazette* of October 22, 2015), found at http://news.harvard.edu/gazette/story/2015/10/kennedy-assails-prison-shortcomings/

**4. Unwarranted Disparate Treatment**

Despite the Government and the PSR assigning the greatest amount of culpability to Mr. Bateman, the Court is required to avoid unnecessary disparate treatment and align his sentence with those who are similarly situated. This does not mean that Mr. Bateman's sentence must be the same as his co-defendants' but it must be proportionate to the offense conduct for this offender and in relation to those who participated in the offense conduct to a similar degree.

18 U.S.C. § 3553(a)(6) states in pertinent part that Courts shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In other words, those who have a similar role in the offense should receive similar sentences. This important factor helps to promote respect for the law, keeps the power to determine sentences in the hands of judges rather than prosecutors, and ensures that individuals are not unfairly punished for exercising their constitutional right to trial. Accordingly, there exists a baseline and in our case anything above the low end of the agreed upon range would be unnecessarily harsh.

In *United States v. Thurston*, 358 F.3d 51, 78 (1st Cir. 2004), the defendant, William Thurston, was a corporate vice president who was convicted at trial of conspiracy to defraud Medicare. At sentencing, the district court departed downward from a Guideline range that exceeded the five-year statutory maximum and sentenced Thurston to three months' imprisonment.

The court based the departure primarily on the fact that the company's president, who participated in the same fraud, had pled *nolo contendere* to a narrower conspiracy and received a sentence of probation. The government appealed Thurston's sentence and on appeal, the First Circuit held that the district court had no authority under the Guidelines to depart downward based on co-defendant sentence disparity. *United States v. Thurston*, 358 F.3d 51, 78 (1st Cir. 2004). The Supreme Court, however, subsequently vacated the First Circuit's decision for reconsideration in light of *Booker*.

At resentencing, the district court again imposed a non-Guideline sentence of three months' imprisonment to avoid a gross disparity with the sentence of probation received by Thurston's co- defendant. *United States v. Thurston,* 544 F.3d 22 (1st Cir. 2008). The trial court stated that while Section 3553(a)(6) is primarily aimed at eliminating nationwide disparity, "there can be cases in which the disparity in sentencing between similarly situated codefendants would be so pronounced that to impose those disparate sentences would injure respect for the

law and confidence in the administration of justice." The court also believed that a failure to address that disparity would send the message "that it's just too risky to exercise [the] right to stand trial."

So far, as can be determined, the highest sentence is Josephine Bistline who received a sentence of 15 years imprisonment. Josephine Bistline pled to Counts 27-31 of the third superseding indictment and is similarly situated to the Defendant in this case. If the Court were to sentence Mr. Bateman to any more than the low end of the applicable range, the disparity would be so pronounced that it would defy rational explanation and erode confidence in the administration of justice. *United States v. Thurston,* 544 F.3d 22 (1st Cir. 2008).

**CONCLUSION**

Twenty years in prison is a very long time. However, this time could be spent in treatment as recommended by the Doctor. Twenty years is also greater than any other offender in this case so far. There is little merit to an argument that anything over 20 years is not overly punitive. Further, a sentence above 20 years fails to serve any other legitimate function of sentencing in the United States, that cannot be accomplished within those 20 years.

RESPECTFULLY SUBMITTED this 5th day of December, 2024.

/s/ *Brian F. Russo*
Brian F. Russo
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Dimitra Sampson, AUSA

/s/*Brian F. Russo*