IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America** <br><br> v. <br><br> **Samuel Rappylee Bateman** | **JUDGMENT IN A CRIMINAL CASE** <br>(For Offenses Committed On or After November 1, 1987) <br><br> No. CR-22-08092-001-PCT-SMB <br><br> Brian Fredrick Russo. (Retained) <br> Attorney for Defendant |

USM#: 21338-510

**THE DEFENDANT ENTERED A PLEA OF** guilty on April 1, 2024 to Counts 2 and 53 of the Third Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §2423(a) and (e), Conspiracy to Commit Transportation of a Minor for Criminal Sexual Activity, a Class A Felony offense, as charged in Count 2 of the Third Superseding Indictment; Title 18, U.S.C. §1201(c), Conspiracy to Commit Kidnapping, a Class A Felony offense, as charged in Count 53 of the Third Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **FIFTY (50) YEARS**, which consists of **FIFTY (50) YEARS** on Count 2 and **FIFTY (50) YEARS** on Count 53, said counts to run concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE**, which consists of **LIFE** on Count 2 and **LIFE** on Count 53, said counts to run concurrently.

**IT IS ORDERED** that all remaining counts are dismissed on motion of the United States as to this defendant only.

CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $200.00     **FINE:** $2,000.00     **RESTITUTION:** N/A

The defendant shall pay a special assessment of $200.00 which shall be due immediately. The defendant shall pay an additional special assessment of $5,000 pursuant to 18 U.S.C. 3014(a). Payment of this assessment shall not be payable until you have satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based.

The defendant shall pay a total of 7,200.00 in criminal monetary penalties, due immediately.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments

Case 3:22-cr-08092-SMB    Document 865    Filed 12/10/24    Page 2 of 6

CR-22-08092-001-PCT-SMB                                                                Page 2 of 6
USA vs. Samuel Rappylee Bateman

shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $200.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 2s and 53 of the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

### MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

### STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

Case 3:22-cr-08092-SMB   Document 865   Filed 12/10/24   Page 3 of 6

CR-22-08092-001-PCT-SMB                                                                    Page 3 of 6
USA vs. Samuel Rappylee Bateman

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13) You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

Case 3:22-cr-08092-SMB   Document 865   Filed 12/10/24   Page 4 of 6

CR-22-08092-001-PCT-SMB                                                                  Page 4 of 6
USA vs. Samuel Rappylee Bateman

1) You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2) You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

3) You must not contact the following victim(s), Jane Does 1 through 11, and the probation officer will verify compliance.

4) You must cooperate in the collection of DNA as directed by the probation officer.

5) You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines or special assessments.

6) You must attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You must abide by the policies and procedures of all the treatment and evaluation providers. You must contribute to the cost of such treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

7) You must attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceeding will arise solely on the result of the polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You must contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

8) You must reside in a residence approved, in advance, by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change to allow the probation officer sufficient time to evaluate the proposed change. Any changes in the residence must then be preapproved by the probation officer. If, however, notifying the probation officer in advance, or obtaining preapproval, is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of the change or expected change.

9) You must not knowingly possess, view, or otherwise use material depicting sexually explicit conduct involving children, as defined by 18 USC 2256(2), and material depicting sexually explicit conduct involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by your probation officer. This condition does not

Case 3:22-cr-08092-SMB   Document 865   Filed 12/10/24   Page 5 of 6

CR-22-08092-001-PCT-SMB                                                                    Page 5 of 6
USA vs. Samuel Rappylee Bateman

    prohibit you from possessing, viewing, or using materials necessary to litigation in which you are a party (such as statutes, caselaw, or court documents related to the litigation, but not including the image(s) that gave rise to your conviction **unless specifically allowed by court order**), or from creating and possessing journals or writings required as part of any mandated sex-offender treatment but you must notify the probation officer **within 72 hours of possessing, viewing, or using** any such litigation materials, journals, or writings.

10) You must register as a sex offender in compliance with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply with registration laws may result in new criminal charges.

11) You must not knowingly have contact with children who you know are under the age of 18, including your own children, without prior written permission from the probation officer. Contact includes but is not limited to direct physical or verbal contact, letters, communications devices, audio or visual devices, visits, or communication through a third party.

12) You must not directly or indirectly contact any victim(s) and victim(s) family of the instant offense(s) without prior written permission. This also includes victim(s) disclosed in treatment, assessment and/or any other victim identified by the probation officer. Indirect contact includes, but is not limited to letters, communication devices, audio or visual devices, communication through a third party and /or your presence at any location the victim(s) may be known to frequent. You must immediately report any contact to the probation officer.

13) You must not possess or use a laptop computer, desktop computer, cell phone, tablet, or any other device capable of connecting to the Internet, a cellular data network, or any other public or private network, or messaging system, that (1) can access materials with depictions of sexually explicit conduct involving children (as defined by 18 U.S.C. § 2256(2)), (2) gives you the capability to anonymously communicate with others, (3) can access or download images from the Internet at any location (including place of employment), (4) can access any Internet service provider, bulletin board system, chat rooms or other environment which allows for interaction with others or (5) can access any other public or private network or e-mail system. If internet access is approved by the probation officer, you must—at your own expense and as directed by the probation officer—install on all devices capable of connecting to the Internet, a cellular data network, or any other public or private network or messaging system, hardware or software systems to monitor your use of those devices.

14) You are restricted from engaging in any occupation, business, volunteer activity or profession where it is reasonably foreseeable that you will be alone with children under the age of 18 without prior written permission of the probation officer. Acceptable employment shall include a verifiable work location and the probation officer must be granted access to your work site.

15) You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities. You must not go to,

Case 3:22-cr-08092-SMB   Document 865   Filed 12/10/24   Page 6 of 6

CR-22-08092-001-PCT-SMB                                                                 Page 6 of 6
USA vs. Samuel Rappylee Bateman

or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Monday, December 09, 2024**

Dated this 9th day of December, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge

**RETURN**

I have executed this Judgment as follows:

defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

_____                    By:   _____
United States Marshal                                      Deputy Marshal

CR-22-08092-001-PCT-SMB- Bateman      12/9/2024