THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT

REFERENCE CIVR 5.4
(Rule Number/Section)

FILED ✓  LODGED ___
RECEIVED ___  COPY ___

SEP 1 0 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Sameul Bateman
Office of Bateman
PO Box 2183
Colorado City, AZ 86021

Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>vs.<br><br>Samuel R Bateman,<br>Defendant | Case No. 22-cr-08092-SMB<br><br>**MOTION TO WITHDRAW GUILTY PLEA** |

## TABLE OF AUTHORITIES

**Cases**

- *Brady v. United States*, 397 U.S. 742 (1970)
- *Hill v. Lockhart*, 474 U.S. 52 (1985)
- *McCoy v. Louisiana*, 584 U.S. 414 (2018)
- *Ricketts v. Adamson*, 483 U.S. 1 (1987)
- *Strickland v. Washington*, 466 U.S. 668 (1984)
- *United States v. Chronic*, 466 U.S. 648 (1984)
- *United States v. Cotton*, 535 U.S. 625 (2002)
- *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005)
- *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)

- *United States v. Franco-Lopez*, 312 F.3d 984 (9th Cir. 2002)
- *United States v. Jones*, 472 F.3d 1136 (9th Cir. 2007)
- *United States v. Packwood*, 848 F.2d 1009 (9th Cir. 1988)

**Statutes**

- 18 U.S.C. § 2423(a)
- 18 U.S.C. § 1201(a)(1)

**Constitutional Provisions**

- U.S. Const. amend. V (Due Process Clause)
- U.S. Const. amend. VI (Right to Counsel)

**Rules**

- Fed. R. Crim. P. 4 (Warrants)
- Fed. R. Crim. P. 11 (Pleas)
- Fed. R. Crim. P. 11(d)(2)(B) (Withdrawal of Plea)

**INTRODUCTION**

Defendant **Samuel Rappylee Bateman**, appearing **pro se**, respectfully moves this Court to withdraw his guilty plea pursuant to **Federal Rule of Criminal Procedure 11(d)(2)(B)**. A defendant may withdraw a guilty plea before sentencing if he can demonstrate a "fair and just reason" for the request. Here, withdrawal is justified because:

1. The plea resulted from **ineffective assistance of counsel** under the Sixth Amendment;
2. The plea was **not knowing, voluntary, or intelligent** as required by Rule 11 and constitutional due process;
3. **Jurisdictional defects** deprived the Court of authority to accept the plea; and
4. The **Government breached the plea agreement** and introduced matters beyond the indictment.

## LEGAL STANDARD

A guilty plea may be withdrawn prior to sentencing upon a showing of a "fair and just reason." *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007). Reasons that satisfy this standard include ineffective assistance of counsel, lack of voluntariness, or jurisdictional infirmities. See *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005).

## ARGUMENT

### I. Ineffective Assistance of Counsel Deprived Defendant of a Fair Proceeding

- Under *Strickland v. Washington*, counsel is ineffective when performance falls below an objective standard of reasonableness and prejudices the defendant.
- Defendant's counsel induced a guilty plea **without reviewing discovery** or investigating defenses, contrary to *United States v. Chronic*, 466 U.S. 648 (1984).
- The transcript shows Defendant objected to the wording of the plea agreement (Docket 521, TR 39:4-6; TR 58:17-23). Despite this, counsel pressured him into accepting the plea and affirmatively told the Court his client was guilty. This directly violated *McCoy v. Louisiana*, 584 U.S. 414 (2018).
- Counsel also stipulated to an **illegal mandatory minimum of 20 years**, even though the statutes (18 U.S.C. §§ 2423(a), 1201(a)(1)) do not require such a minimum. Only Congress may set penalties.

Had counsel performed competently, Defendant would have proceeded to trial. See *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### II. Defendant's Plea Was Not Knowing, Voluntary, or Intelligent

- A guilty plea must be entered knowingly, voluntarily, and intelligently. *Brady v. United States*, 397 U.S. 742, 748 (1970).
- Defendant never reviewed discovery prior to entering the plea.
- Defendant objected to the factual basis, yet was pressured to accept it.
- The Rule 11 colloquy failed to cure these defects. See *United States v. Dominguez Benitez*, 542 U.S. 74 (2004).

## III. Jurisdictional Defects Render the Plea Void

- Defendant was arrested on **September 13, 2022**, yet the warrant was not filed until **November 1, 2022**—a 73-day delay—in violation of Fed. R. Crim. P. 4.
- The indictment was limited to the District of Arizona, yet evidence from other states was introduced without amendment. Jurisdiction cannot be conferred by consent. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

## IV. The Government Breached the Plea Agreement

- Plea agreements are construed as contracts. *Ricketts v. Adamson*, 483 U.S. 1, 16 (1987).
- The Government went beyond the terms of the agreement by introducing uncharged allegations and inflating sentencing exposure.
- Any ambiguities must be construed against the Government as drafter. *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002); *United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. **Grant withdrawal of his guilty plea** under Fed. R. Crim. P. 11(d)(2)(B);
2. **Vacate the plea and restore the case to trial posture**; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 4, 2025

                                                  Samuel Bateman, Defendant
                                                  Pro Se

# Certificate of Service

I hereby certify that on this **4th day of September, 2025**, I caused a true and correct copy of the foregoing **Motion to Withdraw Guilty Plea** to be sent to the Clerk of the Court and served by **first-class U.S. mail, postage prepaid**, upon:

**Dimitra Hotis Sampson**

Office of the United States Attorney

District of Arizona

2 Renaissance Square

40 N Central Ave., Ste 1800

Phoenix, AZ 85004-4408

Dated this 4, day of September 2025.

Respectfully submitted,

Samuel Bateman, Pro Se