Sameul Bateman 1202504240
Coconino County Detention Facility
PO Box 247
Phoenix, MD 21131

Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, Plaintiff | Case No. 22-cr-08092-SMB |
|---|---|
| vs. | **MOTION TO ENFORCE PROTECTIVE ORDER AGAINST NETFLIX, INC AND ARK MEDIA, LLC** |
| Samuel R Bateman, Defendant | |

THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCwP 5.4
(Rule Number/Section)

Defendant, **Samuel Rappylee Bateman**, appearing pro se, respectfully moves this Court to enforce the **Protective Order entered on July 6, 2023 (Docket No. 186)** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, and to issue relief directed specifically to **Netflix, Inc.** and **Ark Media, LLC**.

## I. Background

1. On July 6, 2023, the Court entered a Protective Order (Dkt. 186) governing discovery materials in this case. That order was issued to permit full

- 1 -

MOTION TO ENFORCE PROTECTIVE ORDER                    CASE NO. 22-CR-08092-SMB

disclosure of the government's investigation while protecting the **private and personally identifying information (PII) of victims and witnesses, including minors**, and sensitive information about cooperators.

2. The Protective Order restricts dissemination of discovery materials beyond the defense team and prohibits their use for any purpose other than preparing the defense.

3. Upon information and belief, **Netflix, Inc.** and **Ark Media, LLC** have obtained private journals, photographs, and video recordings that were produced in discovery and are subject to the Protective Order.

4. Netflix and Ark Media are preparing to publish a documentary based on these materials. Their possession and intended use of such evidence is inconsistent with the Protective Order and threatens to expose sensitive PII of victims and witnesses, including minors.

## II. Legal Standard

Federal courts have broad authority to enforce protective orders issued under Rule 16(d)(1). *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984). These orders are designed to protect the privacy and safety of victims, witnesses, and cooperating individuals, and courts retain inherent power to ensure compliance. Third parties who unlawfully obtain discovery materials covered by a protective order may be subject to court enforcement proceedings. See *United States v. Smith*, 985 F. Supp. 2d 506, 543 (S.D.N.Y. 2013).

## III. Argument

**A. Netflix and Ark Media's planned publication would violate the Protective Order.**

The Protective Order was entered specifically to prevent dissemination of unredacted PII of victims and witnesses, including minors, and to safeguard

sensitive information about cooperators. If Netflix and Ark Media publish the protected materials, they will be circumventing the Court's order and undermining its purpose.

**B. Enforcement is necessary to protect victims and witnesses.**

This case involves not only Defendant's rights but also the rights and safety of victims and minors. Public dissemination of PII would cause irreparable harm by exposing these individuals to harassment, stigmatization, or worse. Such harm cannot be undone once private information enters the public sphere.

**C. The Court has authority to act against Netflix and Ark Media.**

Although they are non-parties, Netflix and Ark Media are subject to this Court's authority where they possess materials governed by the Protective Order. The Court has inherent power to bind those in possession of restricted discovery materials and to prevent violations of its orders. See *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945).

## IV. Relief Requested

Defendant respectfully requests that the Court:

1. Issue an **Order to Show Cause** directing **Netflix, Inc.** and **Ark Media, LLC** to explain how they obtained discovery materials covered by the Protective Order (Dkt. 186);
2. Enjoin Netflix, Inc. and Ark Media, LLC from publishing, distributing, or otherwise using any discovery materials subject to the Protective Order;
3. Order Netflix, Inc. and Ark Media, LLC to identify all protected materials in their possession and return or destroy them in accordance with the Court's directive; and
4. Grant such other relief as the Court deems just and proper to enforce compliance with the Protective Order and protect the privacy of victims and witnesses.

## V. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and take immediate steps to enforce the Protective Order against Netflix, Inc. and Ark Media, LLC.

Respectfully submitted,

Dated: Sept. 4, 2025

Samuel Bateman, Defendant
Pro Se

## Certificate of Service

I hereby certify that on this 24 day of September, 2025, I caused a true and correct copy of the foregoing **Motion to Enforce Protective Order** to be sent to the Clerk of the Court and served by **first-class U.S. mail, postage prepaid**, upon:

**Dimitra Hotis Sampson**
Office of the United States Attorney
District of Arizona
2 Renaissance Square
40 N Central Ave., Ste 1800
Phoenix, AZ 85004-4408

Dated this 24, day of September 2025.

Respectfully submitted,

_____
Samuel Bateman, Pro Se